IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/<br>Respondent,<br><br>vs.<br><br>JUAN GABRIEL BUCIO,<br><br>Defendant/<br>Petitioner. | No. CR-F-98-5392 OWW<br><br>ORDER DENYING PETITIONER<br>JUAN GABRIEL BUCIO'S MOTION<br>FOR SENTENCE (REDUCTION)<br>ADJUSTMENT (Doc. 331) |

On January 2, 2008, Petitioner Juan Gabriel Bucio filed a "Motion for Sentence (Reduction) Adjustment." Petitioner requests that his sentence be reduced by at least sixteen months because his status as a deportable alien makes him ineligible to participate in residential drug abuse program and to receive a half-way house release.

Petitioner was sentenced to 168 months incarceration on September 20, 2000. Petitioner did not file an appeal from his conviction and sentence.

1

Petitioner cannot seek a reduction of his sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure. By its terms, Rule 35 does not apply to Petitioner.

Arguably Petitioner is seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As explained in *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000):

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se petitioner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Petitioner is advised that the recharacterization of his pleadings as a motion for relief pursuant to 28 U.S.C. § 2255 has potential adverse consequence to him. Motions pursuant to Section 2255 are subject to a one-year limitation period. Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>    such governmental action;
>
>    (3) the date on which the right asserted was
>    initially recognized by the Supreme Court, if
>    that right has been newly recognized by the
>    Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.

In Calderon v. U.S. Dist. Court for Central Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

>    Equitable tolling will not be available in
>    most cases, as extensions of time will only
>    be granted if 'extraordinary circumstances'
>    beyond a petitioner's control make it
>    impossible to file a petition on time ... We
>    have no doubt that district judges will take
>    seriously Congress's desire to accelerate the
>    federal habeas process, and will only
>    authorize extensions when this high hurdle is
>    surmounted.
>
>    Id. at 1288-1289.

Any claims for relief based on the conviction or sentence brought after the expiration of that one-year period may be barred unless facts demonstrating equitable tolling are established. Further, if all claims for relief pursuant to Section 2255 are not brought in a single motion, subsequently asserted claims may be barred as "second or successive" unless prior authorization from the Court of Appeal is obtained.

1 **Petitioner is ordered to file a pleading with the Court**
2 **within 30 days of the filing date of this Order advising whether**
3 **or not he consents to the recharacterization of his pleadings as**
4 **a motion to vacate, set aside or correct sentence pursuant to 28**
5 **U.S.C. § 2255 or whether he elects to withdraw these pleadings.**
6 **If Petitioner elects to consent to the characterization of his**
7 **motion as a motion for relief pursuant to Section 2255,**
8 **petitioner must file within 30 days of the filing date of this**
9 **Order an amended motion setting forth the facts upon which**
10 **petitioner relies in asserting that the motion is timely filed**
11 **within the one-year limitation period applicable to Section 2255**
12 **motions or the facts upon which he relies in asserting that he is**
13 **entitled to equitable tolling of the one-year limitations period.**
14 **If Petitioner fails to timely comply with this Order, the Court**
15 **will deem that Petitioner does not consent to the**
16 **recharacterization of the January 2, 2007 motion as a Section**
17 **2255 motion.**
18     IT IS SO ORDERED.
19 **Dated:   January 11, 2008**            /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26