1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT FOR THE

7                        EASTERN DISTRICT OF CALIFORNIA

8

9    JUAN GABRIEL BUCIO,              )        No. CV-F-08-257 OWW
                                      )        (No. CR-F-98-5392 OWW)
10                                    )
                                      )        ORDER DENYING PETITIONER'S
11              Petitioner,           )        MOTION FOR APPOINTMENT OF
                                      )        COUNSEL AND PROVISION OF
12         vs.                        )        TRANSCRIPTS AND DENYING
                                      )        PETITIONER'S MOTION TO
13                                    )        VACATE, SET ASIDE OR CORRECT
     UNITED STATES OF AMERICA,        )        SENTENCE PURSUANT TO 28
14                                    )        U.S.C. § 2255 AND DIRECTING
                                      )        CLERK OF COURT TO ENTER
15              Respondent.           )        JUDGMENT FOR RESPONDENT
                                      )
16   _____)

17

18

19        On January 2, 2008, Petitioner Juan Gabriel Bucio filed a

20   "Motion for Sentence (Reduction) Adjustment."  Petitioner

21   requested that his sentence be reduced by at least sixteen months

22   because his status as a deportable alien makes him ineligible to

23   participate in the BOP's residential drug abuse program and to

24   receive half-way house release.

25        Petitioner's motion for reduction of sentence was denied by

26   Order filed on January 11, 2008.  (Doc. 332).  In the January 11,

                                      1

1   2008 Order, the Court stated:

2           Arguably Petitioner is seeking to vacate, set
            aside or correct his sentence pursuant to 28
3           U.S.C. § 2255.  As explained in *United States
            v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000):
4
                    When presented with a pro se motion
5                   that could be recharacterized as a
                    28 U.S.C. § 2255 motion, a district
6                   court should not so recharacterize
                    the motion unless: (a) the pro se
7                   prisoner, with knowledge of the
                    potential adverse consequences of
8                   such a recharacterization, consents
                    or (b) the district court finds
9                   that because of the relief sought
                    that the motion should be
10                  recharacterized as a 28 U.S.C. §
                    2255 motion and offers the pro se
11                  petitioner the opportunity, after
                    informing the prisoner of the
12                  consequences of recharacterization,
                    to withdraw the motion and file one
13                  all-inclusive 28 U.S.C. § 2255
                    motion within the one-year
14                  statutory period.

15          Petitioner is advised that the
            recharacterization of his pleadings as a
16          motion for relief pursuant to 28 U.S.C. §
            2255 has potential adverse consequence to
17          him.  Motions pursuant to Section 2255 are
            subject to a one-year limitation period.
18          Section 2255 provides that a one-year period
            of limitation applies to a Section 2255
19          motion, which limitation period runs from the
            latest of:
20
                    (1) the date on which the judgment
21                  of conviction became final;

22                  (2) the date on which the
                    impediment to making a motion
23                  created by governmental action in
                    violation of the Constitution or
24                  laws of the United States is
                    removed, if the movant was
25                  prevented from making a motion by
                    such governmental action;
26

                                    2

1

2                    **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

3

4

5                    **(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.**

6

7

8        **In Calderon v. U.S. Dist. Court for Central Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:**

9

10

11

12

13                    **Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.**

14

15

16

17

18

19

20        **Id. at 1288-1289.**

21        **Any claims for relief based on the conviction or sentence brought after the expiration of that one-year period may be barred unless facts demonstrating equitable tolling are established.  Further, if all claims for relief pursuant to Section 2255 are not brought in a single motion, subsequently asserted claims may be barred as "second or successive" unless prior authorization from the Court of Appeal is obtained.**

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Petitioner is ordered to file a pleading with the Court within 30 days of the filing date of this Order advising whether or not he consents to the recharacterization of his pleadings as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw these pleadings.  If Petitioner elects to consent to the characterization of his motion as a motion for relief pursuant to Section 2255, petitioner must file within 30 days of the filing date of this Order an amended motion setting forth the facts upon which petitioner relies in asserting that the motion is timely filed within the one-year limitation period applicable to Section 2255 motions or the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitations period.  If Petitioner fails to timely comply with this Order, the Court will deem that Petitioner does not consent to the recharacterization of the January 2, 2007 motion as a Section 2255 motion.**

On February 19, 2008, Petitioner filed a "Motion of Appeal Under Title 28 U.S.C. § 2255 Based on Illegal Sentence" (Doc. 337) and a "Motion for Appointing a Lawyer" (Doc. 336).

Petitioner's Section 2255 motion states:

**[T]he defendant respectfully request [sic] this honorable court to consider this request for appeal [sic] and grant any other relief just and proper.  Reasons for filing this motion is:**

**(1) - Inaccurate information in the PSI report.**

**(2) - Illegal sentence.**

**(3) - Ineffective assistance of counsel.**

**(4) - Counsel's failure to investigate or call witnesses.**

**(5) - Error in the guideline calculation.**

4

No facts to support these claims are asserted in the Section 2255

motion, no facts are asserted from which it may be inferred that

the motion is timely filed within the one-year limitation period

applicable to Section 2255 motions, and no facts are asserted

from which it may be inferred that Petitioner is entitled to

equitable tolling of the one-year limitation period.

In his motion for appointment of counsel, Petitioner

requests appointment of counsel and a "Transcript, Docket sheet,

Docketing statement form."  Petitioner asserts:

> Counsel was ineffective when he failed to
> raise issue to propose a downward departure,
> due to miscalculation of federal sentencing
> guidelines, Defendant was sentenced to
> offense level higher than what the guideline
> tablets call for, the subsequently punished
> more severely [sic] than what was deemed just
> and proper.

A.   Background.

Petitioner was charged with conspiracy to manufacture,

distribute and to possess with intent to distribute

methamphetamine; manufacture and aiding and abetting the

manufacture of methamphetamine; and possession and aiding and

abetting the possession of methamphetamine with intent to

distribute.  Petitioner pleaded guilty pursuant to a written Plea

Agreement to conspiracy to manufacture, distribute and to possess

with intent to distribute methamphetamine.  Pursuant to the Plea

Agreement, Petitioner specifically agreed:

> The defendant understands that the law gives
> him a right to appeal his conviction and
> sentence.  The defendant waives any right to
> appeal his conviction and sentence and any

1                **right he may have to bring any other post-**
               **conviction attack on his conviction and**

2                **sentence.  He specifically agrees not to file**
               **a motion under 28 U.S.C. § 2255 or § 2241**

3                **attacking his conviction and sentence.**

4 **At his Rule 11 elocution, in entering his plea, Petitioner**

5 **confirmed under oath that he understood and agreed to the waiver**

6 **of any appeal or collateral attack on his conviction and**

7 **sentence.**

8      **Petitioner was sentenced to 168 months incarceration on**

9 **September 20, 2000.  Petitioner did not file an appeal from his**

10 **conviction and sentence.**

11      **B.   One Year Limitations Period.**

12      **Petitioner's "Motion for Sentence (Reduction) Adjustment,"**

13 **filed on January 2, 2008, as amended by his "Motion of Appeal**

14 **Under Title 28 U.S.C. § 2255 Based on Illegal Sentence" filed on**

15 **February 19, 2008, is filed years after the expiration of the**

16 **one-year limitation period.  The January 11, 2008 Order**

17 **specifically required Petitioner to set forth "the facts upon**

18 **which petitioner relies in asserting that the motion is timely**

19 **filed within the one-year limitation period applicable to Section**

20 **2255 motions or the facts upon which he relies in asserting that**

21 **he is entitled to equitable tolling of the one-year limitations**

22 **period."  Petitioner has entirely failed to comply with the**

23 **Order.  Petitioner's failure mandates denial of his Section 2255**

24 **motion as time-barred.**

25      **Because Petitioner's Section 2255 motion is time-barred (as**

26 **well as unsupported by any facts), Petitioner is not entitled to**

1   the provision of transcripts.  Once a petitioner has filed a

2   Section 2255 motion, a district court must certify that the

3   petition is not frivolous and that the transcript is needed to

4   decide the issues presented by the petitioner.  28 U.S.C. §

5   753(f).  Based on the absence of any supporting factual

6   allegations in Petitioner's motion, the required certification

7   cannot be made.  In the absence of an evidentiary hearing, no

8   absolute right to appointment of counsel exists in  habeas

9   proceedings.  Because the Section 2255 motion is unsupported by

10  factual assertions and is untimely, Petitioner also is not

11  entitled to the appointment of counsel.

12      ACCORDINGLY, for the reasons set forth above:

13      1.  Petitioner's motion for appointment of counsel and

14  provision of transcripts is DENIED;

15      2.  Petitioner's motion to vacate, set aside or correct

16  sentence pursuant to 28 U.S.C. § 2255 is DENIED;

17      3.  The Clerk of the Court is directed to enter JUDGMENT FOR

18  RESPONDENT.

19      IT IS SO ORDERED.

20  **Dated:   March 19, 2008**                    **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26